IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FARRAH M. FARR, PHILLIP BROWN and KRISTOF & COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KOMMERINA DALING, et al., <br><br> Defendants. | CIVIL ACTION FILE NO. 2:22-cv-00133-SCJ |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS SARAH WILSON-BRITT, MATT TATE, AND THE CITY OF GAINESVILLE, GEORGIA**

**I.      INTRODUCTION**

COME NOW, Defendants Sarah Wilson-Britt, Matt Tate, both named in their individual and official capacities, and the City of Gainesville, Georgia ("City") (collectively, "Defendants"), and file this Reply Memorandum of Law in Support of their Motion to Dismiss Plaintiffs Farrah M. Farr, Phillip Brown, and Kristof & Company, Inc.'s (collectively, "Plaintiffs") *Amended Complaint for Damages and Permanent Injunctive Relief* ("Amended Complaint").

Through this reply Defendants address *Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss Amended Complaint* (Doc. 34), and show this Court

1

that Plaintiffs' cannot overcome the arguments in Defendants' moving memorandum of law. Plaintiffs' claims are barred by official immunity because Defendants' actions were discretionary in nature and conducted without malice. Defendants also are entitled to qualified immunity because their alleged actions were lawful and because they had no notice that such alleged actions could otherwise be unlawful. Plaintiffs also have failed to state a *Monell* claim because Defendants lack the requisite final policymaking power to sustain such a claim. On the merits, Plaintiffs' claims for tortious interference with business and contractual relations, declaratory judgment, substantive due process and procedural due process under the Fourteenth Amendment, and request for permanent injunction also fail as a matter of law. Accordingly, the Court should dismiss the Amended Complaint for failure to set forth sufficient factual allegations to establish grounds for relief.

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A.    Plaintiffs' State Law Claims Against the City Are Barred by the Doctrine of Official Immunity

#### 1. Defendants' Actions Were Discretionary and not Ministerial

Plaintiffs argue that Defendants are not entitled to official immunity based upon the erroneous conclusion that Defendants engaged in ministerial actions rather than discretionary actions. In an attempt to support their conclusion, Plaintiffs cite to three cases in which the Georgia Court of Appeals ruled that investigations

performed by certain government officials pursuant to official policy guidelines amounted to ministerial acts. *See Happoldt v. Kutscher,* 256 Ga. App. 96 (2002); *see also Wanless v. Tatum,* 244 Ga. App. 882 (2000); *see also Phillips v. Walls,* 242 Ga. App. 309 (2000).

Notably, **none** of the aforementioned cases concern investigations of complaints of potential code violations on private property. Plaintiffs merely speculate that the conclusions reached in the above-cases must control here. Plaintiffs' speculation is unsupported by Georgia law. In fact, the Georgia Court of Appeals has previously concluded that investigatory actions taken by code enforcement officers are discretionary in nature.

*Morton v. McCoy*, 204 Ga. App. 595, 595 (1992), is an example of a case holding that code enforcement's conduct was discretionary for official immunity purposes. In *Morton*, a landowner alleged that a code enforcement officer "without permission or authority, wrongfully entered Morton's property to search for evidence to be used in prosecuting [the landowner]" amounted to "wanton, wilful, malicious, and legally unjustified" conduct. *Morton*, 204 Ga. App. 595. The landowner further alleged the code enforcement officer's actions "had caused [the landowner] to be improperly charged with the code violation and had unlawfully interfered with [the landowner's] right of enjoyment of his private property." *Id.* at

596. The Georgia Court of Appeals observed that "[t]he source of [the landowner's] alleged injuries from McCoy is the prosecution of the zoning code violation." *Morton* at 596.

The Court of Appeals in *Morton* concluded that the actions to prosecute the alleged zoning violation were within the official duties as a county code enforcement officer." *Id.* at 596. As such, the Court found that the code enforcement officer was entitled to immunity **even if** the officer's conclusion about the violations was incorrect:

> (W)here an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision.

*Id.* (citing *Hennessy v. Webb*, 245 Ga. 329, 330–31 (1980) (overruled on other grounds)).[1]

Indeed, as recently as last month, the Georgia Court of Appeals reaffirmed that investigations of private property regarding complaints of potential code

---

[1] In *Bonasera v. City of Norcross*, 2009 WL 10706601 at 12, 15 (N.D. Ga. Feb. 23, 2009), aff'd, 342 F. App'x 581 (11th Cir. 2009), this court similarly concluded that the director for the City of Norcross "was acting within her discretion when she interpreted § 106-79," and that the code enforcement officers "unquestionably engag[ed] in constitutional behavior" during their investigation and issuance of a citation for violation of that ordinance.

4

violations amount to discretionary acts, not ministerial acts. *Mommies Properties, LLC v. Semanson*, 2022 WL 16547142 (Ga. Ct. App. Oct. 31, 2022). In *Mommies Properties*, much like in this case, the plaintiff brought claims against a Forsyth County commissioner and a county inspector asserting "various claims under state and federal law, essentially alleging that the defendants misused their positions to impose stop work orders and take other actions that harmed the plaintiffs and their property," *Mommies Properties*, 2022 WL 16547142 * 1.

The Forsyth commissioner received several complaints about land disturbance activity and subsequently "asked staff in various county departments to investigate the complaints." *Id.* * 2. At "the request of someone in the code enforcement department, who had received a report from [the county commissioner] about a complaint that dirt was being trucked onto the property," the county inspector investigated the property at issue. *Id.* * 3. The county inspector entered the property under the belief that "he was authorized to enter the property under a county ordinance as part of his investigation into a reported land disturbance," confirmed multiple code violations, and issued a stop work order. *Id.* The Forsyth County planning department later issued a second stop work order. *Id.*

Similar to Plaintiffs' allegations at issue here, plaintiffs in *Mommies Properties* argued "the stop work orders had the effect of shutting down the

5

plaintiffs' equestrian operations and contributed to significant deterioration of the property." *Mommies Properties*, 2022 WL 16547142 at * 3. The Court of Appeals determined that the Forsyth County defendants were entitled to immunity because their actions were discretionary in nature:

> The acts at issue in this case — [the County Commissioner's] response to questions and concerns about suspected code violations on the plaintiffs' property…and [the County Inspector's] inspection of the property and response to what he perceived to be land disturbance violations — required an exercise of personal deliberation and judgment.

*Id.* * 5.

Here, as in *Morton* and *Mommies Properties*, Defendants received a complaint from co-Defendant John O'Sullivan about potential code violations and responded by investigating the complaint. Ms. Wilson-Britt, in her capacity as Code Enforcement Manager, issued a notice to Plaintiff Phillip Brown based upon Defendants' perception of potential violations of the Code. (Doc. 21 – Amend. Compl. at Ex. E). The notice required Mr. Brown to cease "any lodging services on the Property…and the removal of the Property from all rental websites such as VRBO and Airbnb." (*Id.* at Ex. E).

These actions are consistent with the discretionary actions taken by the defendants in *Morton*, 204 Ga. App. 595, *Bonasera*, 2009 WL 10706601, and

*Mommies Properties*, 2022 WL 16547142. Moreover, there can be no dispute that these actions were within the scope of these employees' discretionary authority.[2] *Mommies Properties, LLC,* 2022 WL 1654714, * 7 (citing *Taylor v. Waldo*, 309 Ga. App. 108, 110 (2011) ("a police officer was entitled to official immunity for his exercise of discretion in determining that an act fell within his official authority, even if that determination was wrong.")).

Accordingly, as Defendants' actions are discretionary in nature, they are entitled to official immunity even if this Court were to find that they reached the wrong decision in enforcing the City's ordinance.

### 2. **Defendants Have Not Acted with Malice**

Actual malice "requires more than harboring bad feelings about another." *Adams v. Hazelwood*, 271 Ga. 414, 415 (1999). "Evidence demonstrating frustration, irritation, and possibly even anger is not sufficient to penetrate official immunity, nor is proof of ill will, unless the ill will is combined with the intent to do something wrongful or illegal." *Wilson v. Cromer*, 356 Ga. App. at 765-766 (2020).

---

[2] *See* Code Sec. 24-1-3(n) (provides for "conducting investigations…reasonably deem[ed] necessary to assure or compel compliance with the requirements and provisions of this Code."); Code Sec. 9-24-2-5 (provides authority for issuing "written notice" "[w]hen violations are discovered'); *see also*, Code Sec. 9-24-2-12 ("[t]he city shall have authority to issue citations…").

Defendants' actions were taken within the scope of their authority and do not amount to malice such that Defendants are not entitled to official immunity. *See Morton,* 204 Ga. App. at 596 ("the conclusory allegation of impropriety does not raise a material issue of wilfulness, malice, or corruption"). Indeed, this is true even if the Court were to accept Plaintiffs' position that Defendants' exercised flawed judgment in their actions. *Mommies Properties,* 2022 WL 1654714, * 8 ("The fact that a government officer or employee exercised poor judgment or that his or her decisions were 'misguided' or 'flawed' is not evidence of actual malice that would deprive the officer or employee of official immunity."). Accordingly, Defendants are entitled to official immunity.

### B. Defendants Are Entitled to Qualified Immunity

Plaintiffs rely upon the proposition set forth in *Mercado v. City of Orlando*, 407 F.3d 1152 (11th Cir. 2005) (that "the Constitution, statute, or caselaw *may sometimes provide fair warning of unlawful conduct…*[t]he general principle of law must be specific enough to give the officers notice of the clearly established right" and then self-servingly assert that it should have been plainly obvious to Defendants that they were violating Plaintiffs' rights. (Doc. 34, p. 20) (citing *Mercado,* 407 F.3d at 1159) (emphasis in original). Again, Plaintiffs are wrong.

Plaintiffs first contend the notice's requirement that Plaintiffs' remove their short-term rental listing for the Property amounts to an unconstitutional ban of Plaintiffs' free speech. Plaintiffs then cite to several cases in which our courts have analyzed free speech rights under the U.S. Constitution. However, Plaintiffs fail to cite to any case law supporting a contention that their advertisement of the Property as a short-term rental amounts to a protected First Amendment right. Plaintiffs also fail to demonstrate how Defendants should have been so abundantly on notice that their actions amount to an intentional infringement of Plaintiffs' purported First Amendment rights.

Alternatively, Plaintiffs argue that Defendants selectively targeted Plaintiffs by enforcing the Code's short-term rental restrictions against Plaintiffs and only one other landowner. (Doc. 34 at Pages 24).  Plaintiffs have not cited any case law that puts Defendants on notice their conduct violated Plaintiffs' rights in this regard. Indeed, "[i]f there is no case law directly on point, '[g]eneral statements of the law contained within the Constitution, statute, or caselaw may sometimes provide 'fair warning' of unlawful conduct.'" *Mercado,* 407 F.3d at 1159 (quoting, *Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003)). However, "[t]he general principle of law must be specific enough to give the officers notice of the clearly established right. *Id.* For example, "the principle that officers may not use excessive

force to apprehend a suspect is too broad a concept to give officers notice of unacceptable conduct." *Id.* at 1159. Plaintiffs have not identified a single case specific enough to put Defendants on notice that their alleged selective enforcement of the Code's short-term rental restrictions amounts to an intentional infringement of Plaintiffs' rights.

The City's code enforcement office is charged with investigating complaints related to alleged violations of the Code. Defendants' actions complained of by Plaintiffs are the direct result of intake of complaints and investigating those complaints taken within the scope of their authority. Code Sec. 24-1-3(n). In other words, had Defendants received similar complaints concerning short-term rental of properties, they would have investigated. Because Defendants did not receive additional complaints concerning short-term rentals, they did not undertake investigation or citation of other properties. These actions do not amount, in any way, to selective enforcement of the Code or intentional misconduct. Accordingly, Plaintiffs have failed to demonstrate that Defendants are not entitled to qualified immunity and the Court should dismiss Plaintiffs' Amended Complaint.

### C. **Plaintiffs Have Failed to State a *Monell* Claim Against the City**

Plaintiffs' contention that they have stated a valid *Monell* claim is based solely on the idea from the United States Supreme Court's finding in *Pembaur v. City of*

*Cincinnati,* 475 U.S. 469, 470 (1986), that "municipal liability may be imposed for a single decision by municipal policymakers **under appropriate circumstances**." *Pembaur,* 475 U.S. at 470 (emphasis added). This is not enough.

Interpreting *Pembaur*, the Eleventh Circuit has observed:

> [L]iability may arise from **"a course of action tailored to a particular situation and not intended to control decisions in later situations"**…provided that **"the decisionmaker possesses *final authority* to establish municipal policy with respect to the action ordered."**

*Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997) (quoting, *Pembaur*, 475 U.S. 469, 481) (internal citations omitted) (emphasis in original). Moreover, a court "**may not assume** that final policymaking authority lies in some entity other than that in which state law places it." *McMillian v. Johnson*, 88 F.3d 1573, 1577, 1580 (11th Cir. 1996).

Here, Plaintiffs point to Section 9-24-1-3 of the Code as evidence that Defendants have "final policymaking authority." (Doc. 34, p. 26). Plaintiffs conveniently ignore that this section enumerates the powers of the director of planning and development at items (a) – (u), and that the word "policy" is absent from *any* of those enumerated powers. That language does not, in any way, state that the director of planning and development has "final policymaking power."

Plaintiffs have also failed to state a *Monell* claim because bald allegations "upon information and belief" that a constitutional violation was inflicted pursuant to the government's policy or custom are insufficient to satisfy the pleading standards of *Twombly*. (Amend. Compl. at ¶¶ 91, 117); *Twombly* at 570; *see also*, *Smith v. DeKalb Cnty.*, 2012 WL 12948861 (2012).

### D. Plaintiffs' Procedural Due Process Claim Fails as a Matter of Law

As set forth in greater detail in Defendants' *Memorandum of Law in Support of Motion to Dismiss Amended Complaint by Defendants Sarah Wilson-Britt, Matt Tate, and the City of Gainesville, Georgia* (Doc. 26-1) (the "Motion to Dismiss"), Count VIII of the Amended Complaint for violation of Plaintiffs' procedural due process rights pursuant to the Fourteenth Amendment fails because Plaintiffs have no "legitimate claim of entitlement" to their desire to engage in the rental of the Property for less than 15 days. *See*, *Goldrush II v. City of Marietta*, 267 Ga. 683, 694-95 (1997) (to have property interest in Georgia, one must have more than *abstract need or desire for benefit* and more than unilateral expectation of it, but must instead have legitimate claim of entitlement to it).

### E. Defendants Have Not Tortiously Interfered with Plaintiffs' Business or Contractual Relations

Through the Motion to Dismiss and this Reply, Defendants have demonstrated that they had "an absolute right to do the act complained of" by Plaintiffs. *Allstate*

12

*Beer, Inc. v. Julius Wile Sons & Co.*, 479 F. Supp. 605, 612 (N.D. Ga. 1979) (emphasis added). Accordingly, they have an absolute defense to Plaintiffs' claims for tortious interference.

### F. Plaintiffs' Claims for a Permanent Injunction and Declaratory Relief Fail as a Matter of Law

As a threshold matter, Plaintiffs' response to the Motion to Dismiss claims that Defendants did not move to dismiss their claim for declaratory relief, and therefore, Plaintiffs did not respond to Defendants on this claim. Plaintiffs ignore Section H of the Motion to Dismiss, including n. 7, in which Defendants move to dismiss their claim for declaratory relief on identical grounds to Plaintiffs' request for injunctive relief. Because Plaintiffs have not responded to Defendants' arguments seeking dismissal of their declaratory relief claims, the Court should dismiss Plaintiffs' claims for declaratory relief.

### G. Plaintiffs' Claim for a Permanent Injunction Fails as a Matter of Law

Plaintiffs claim for injunctive relief fails because:

(1)   Plaintiffs resolved their claims with the City on February 4, 2022. (Amend. Compl. at ¶ 71);

(2)   Plaintiffs have an adequate remedy at law via certiorari. *Ingalls v. U.S. Space and Rocket Ctr.*, 679 Fed. App'x. 935, 943-44 (11th Cir. 2017) (quoting *Cotton*, 216 F.3d at 1330);

(3)   Plaintiffs are not currently suffering any hardship because Ex. G of the Amend. Compl. clarified that Plaintiffs may list their Property for rent for periods of **more than fifteen (15) days**; and,

(4)   Ex. G of the Amend. Compl. renders any public interest issue moot.

Accordingly, Plaintiffs claims for a permanent injunction should be dismissed.

### III.   CONCLUSION

Based on the foregoing and the reasons set forth in the Motion, Plaintiffs have failed to state a cause of action against Defendants and Plaintiffs' Amended Complaint against Defendants should be dismissed with prejudice.

Respectfully submitted this 14th day of November, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com
NICOLAS D. BOHORQUEZ
Georgia Bar No. 517380
nicolas.bohorquez@fmglaw.com
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing *REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS SARAH WILSON-BRITT, MATT TATE, AND THE CITY OF GAINESVILLE, GEORGIA* has been prepared in compliance with Local Rule 5.1(B) using Times New Roman 14-point font.

Respectfully submitted this 14th day of November, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com

*Attorney for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing *REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS SARAH WILSON-BRITT, MATT TATE, AND THE CITY OF GAINESVILLE, GEORGIA* to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants and by placing a copy of same in the U.S. mail for delivery to non-CM/ECF participants as follows:

David L. Pardue
Brian David Stoltz
PARKER POE ADAMS & BERNSTEIN, LLP
1075 Peachtree Street NE
Suite 1500
Atlanta, Georgia 30309

This 14th day of November, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com