IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FARRAH M. FARR, PHILLIP BROWN and KRISTOF & COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KOMMERINA DALING, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 2:22-cv-00133-SCJ |

### DEFENDANTS THE CITY OF GAINESVILLE, GEORGIA, SARAH WILSON-BRITT, AND MATT TATE'S MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS

COME NOW, Defendants Sarah Wilson-Britt, Matt Tate, and the City of Gainesville, Georgia (collectively, "Defendants"), and hereby file this Motion to Stay Discovery for the following reasons.

1.

Defendants filed their Motion to Dismiss on September 27, 2022 seeking dismissal of all claims asserted against them. (Doc. 26).

2.

If granted in full, the pending Motion to Dismiss filed by Defendants would result in dismissal of all claims against Defendants.

1

3.

Because the pending Motion to Dismiss could result in dismissal of all claims against Defendants, on October 24, 2022, Defendants filed *Defendants the City of Gainesville, Georgia, Sarah Wilson-Britt, and Matt Tate's Motion to Stay Local Rule Deadlines Pending the Court's Ruling on Defendants' Motion to Dismiss* ("Motion to Stay Deadlines") (Doc. 30).

4.

During the pendency of the Motion to Stay Deadlines, Plaintiffs served written discovery requests upon all named defendants (Doc. 37).

5.

On December 13, 2022, Plaintiffs also served notices of deposition upon all named defendants (Doc. 37) currently scheduled to take place January 10-13, 2023 and January 23, 2023.

6.

On December 30, 2022, this Court entered its *Order* (Doc. 39) granting Defendants' Motion to Stay Deadlines, thereby staying all Federal Rule deadlines at Rules 16 and 26 and Local Rule deadlines at Rules 16 and 26 (the "Order Staying Deadlines").

7.

Also on December 30, 2022, Courtroom Deputy Pamela Wright confirmed that the Order Staying Deadlines did not serve to stay to discovery.

8.

Accordingly, Defendants file this Motion to Stay Discovery seeking a stay of discovery in this litigation. Should the Court dismiss some or all of the claims in against Defendants in the *Amended Complaint for Damages and Permanent Injunctive Relief* (Doc. 21) (the "Amended Complaint") prior to discovery, the expenditure of judicial resources and the resources of the parties will be greatly diminished because the issues will either be resolved or more narrowly tailored.

9.

The Court "has broad discretion to stay discovery until the district court rules on a pending dispositive motion." Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). "[N]either the parties nor the court have any need for discovery before the court rules on the motion." Id. at 1367. Moreover, because this Court has already stayed all federal and local rule deadlines

(Doc. 39), a stay of discovery would not cause any disruption, and none of the parties will be prejudiced by a stay of discovery itself. See Favors v. Select Portfolio Servicing, Inc., No.: 3:14-cv-190-TCB, 2015 WL 11718112 *2 (N.D. Ga. March 11, 2015) (granting stay of all pretrial deadlines).

10.

A stay will relieve the parties from the burden of expending unnecessary resources on a case that may be resolved, in whole or in part, without the need for any discovery.

11.

Once the Court rules on the sufficiency of the Amended Complaint (Doc. 21), if the case remains, there will be ample opportunity to obtain discovery and to engage in the necessary pre-discovery activities.

12.

For the reasons set forth above, Defendants respectfully request that in addition to the current stay of federal and local deadlines, the Court stay discovery until the Court issues a ruling on Defendants Motion to Dismiss (Doc. 26).

Respectfully submitted this 23rd day of January 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com
NICOLAS D. BOHORQUEZ
Georgia Bar No. 517380
nicolas.bohorquez@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point type face.

                                  */s/ Dana K. Maine*_____
                                  Dana K. Maine
                                  Georgia Bar No. 466580

                                  *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing DEFENDANTS THE CITY OF GAINESVILLE, GEORGIA, SARAH WILSON-BRITT, AND MATT TATE'S MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS to the Clerk of Court using the CM/ECF *e-filing* system which will automatically send electronic mail notification of such filing to the following counsel of record:

| | |
|---|---|
| David L. Pardue<br>Brian David Stoltz<br>PARKER POE ADAMS &<br>BERNSTEIN, LLP<br>1075 Peachtree Street NE<br>Suite 1500<br>Atlanta, Georgia 30309 | Adam Klein<br>FAIN, MAJOR & BRENNAN<br>One Premier Plaza<br>5605 Glenridge Drive<br>Suite 900<br>Atlanta, Georgia 30342 |

This 23rd day of January, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com

7