IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FARRAH M. FARR, PHILLIP BROWN, and KRISTOF & COMPANY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>KOMMERINA DALING, JOHN O'SULLIVAN, SARAH WILSON-BRITT, in her individual and official capacity, MATT TATE, in his individual and official capacity, and THE CITY OF GAINESVILLE, GEORGIA,<br><br>Defendants. | CIVIL ACTION NO.<br><br>2:22-cv-00133-SCJ |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS THE CITY OF GAINESVILLE, GEORGIA, SARAH WILSON-BRITT, AND MATT TATE'S MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING ON MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs Farrah M. Farr, Phillip Brown, and Kristof & Company, Inc. (collectively, "the Owners") strongly oppose Defendants City of Gainesville, Matt Tate, and Sarah Wilson-Britt's (collectively, "the City") Motion to Stay Discovery Pending the Court's Ruling on the Motion to Dismiss. The party requesting a stay

bears the burden of showing good cause and reasonableness and the City's boilerplate motion has failed to carry that burden.

As described in the Owners' response in opposition to the City's motion to dismiss filed on November 1, 2022, City of Gainesville, Matt Tate, and Sarah Wilson-Britt are not going to prevail on their Motion to Dismiss. However, even if they were successful, this would not dispose of the case or any of the claims against the two defendants, Kommerina Daling and John O'Sullivan, who have not moved to dismiss the claims against them. Discovery stays are disfavored unless the pending motion will dispose of the case or narrow the issues. *Massey v. Fed. Nat'l Mortg. Ass'n,* No. CV412–102, 2012 WL 3685959, *1 (S.D.Ga. Aug.24, 2012).

The allegations of the complaint show that all of the defendants conspired to tortiously interfere with the contracts and business relations of Ms. Farr, Dr. Brown and Kristof & Company while trampling on their constitutional rights. Even if City of Gainesville, Matt Tate, and Sarah Wilson-Britt were dismissed from the action, they would still have relevant and discoverable information regarding the claims against Daling and O'Sullivan. Therefore, it will not cause a burden on the City to

move forward with discovery since they would still be subject to discovery requests through subpoenas even if they were not a party to the lawsuit.[1]

On the other hand, if the City's motion is granted it would cause case management problems when the Owners, Daling, and O'Sullivan[2] move forward with discovery but the City does not participate until the motion to dismiss is denied.

## ARGUMENT AND CITATION OF AUTHORITY

Courts may exercise their discretion to stay discovery but courts do not follow a *per se* rule to stay discovery in every case where a motion to dismiss is pending. *Snell v. NES Admin. Servs., Inc.*, No. 1:20-CV-03693-CC-RDC, 2021 WL 2666875, at *2 (N.D. Ga. Jan. 4, 2021); *see also Jones v. Bank of America Corp.,* No. 4:08-CV-152 WLS 2013 WL 5657700, at *2 (M.D. Ga. Oct. 15, 2013).

Rather, when weighing whether to impose or continue a stay of discovery while a motion to dismiss is pending, the Court must balance "the harm produced by a delay in discovery against the possibility that the motion will be granted and

---

[1] Farrah Farr served interrogatories, requests for admission, and requests for production of documents on City of Gainesville, Matt Tate, and Sarah Wilson-Britt on December 9, 2022. These discovery responses would have been due well before The City even filed the instant motion to stay discovery had Farrah Farr not granted the City's request for a 30-day extension to respond to discovery.

[2] The City has moved for a stay of discovery as to all parties. However, the City does not have any valid reason or authority to request a stay on behalf of Daling and O'Sullivan, defendants who are not subject to the motion to dismiss and who have separate counsel.

entirely eliminate the need for such discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted). The party requesting a stay bears the burden of showing good cause and reasonableness. *Snell v. NES Admin. Servs., Inc.,* No. 1:20-CV-03693-CC-RDC, 2021 WL 2666875, at *2 (N.D. Ga. Jan. 4, 2021). The City's boilerplate motion has failed to discharge this burden.

The City cites *Favors v. Select Portfolio Servicing, Inc.* for the proposition that a "stay of discovery would not cause any disruption, and none of the parties will be prejudiced by a stay of discovery." [Doc. 42, pp. 3-4]. However, *Favors* involved a pending motion to dismiss where, if granted, all of the defendants would be dismissed and the need for discovery would be entirely eliminated. This reasoning is wholly inapplicable here. It is undisputed that Defendants Daling and O'Sullivan are not subject to the motion to dismiss. Discovery stays are disfavored unless the pending motion will dispose of the case or narrow the issues. *Massey v. Fed. Nat'l Mortg. Ass'n,* No. CV412–102, 2012 WL 3685959, *1 (S.D.Ga. Aug. 24, 2012). Regardless of the outcome of the motion, Wilson-Britt, Tate, and the City of Gainesville have discoverable information and documents and would be subject to non-party discovery and subpoenas related to the issues in the lawsuit.[3]

---

[3] The remaining cases cited by The City are similarly irrelevant and inapplicable. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) cited by the City held that it was an abuse of discretion to stay discovery except for one

In *Snell v. NES Admin. Servs., Inc.,* this Court declined to grant a stay of discovery until after the resolution of the pending motion to dismiss as to one of the defendants. No. 1:20-CV-03693-CC-RDC, 2021 WL 2666875, at *2 (N.D. Ga. Jan. 4, 2021). In *Snell*, the plaintiff sued her supervisor and her employer for sexual harassment, negligent supervision and retention, and other claims. The supervisor moved to dismiss all claims against him and requested a stay until after the resolution of his motion to dismiss. *Id*. The court noted that the supervisor's conduct while supervising the plaintiff is at the very heart of the plaintiff's claims and that plaintiff's discovery efforts with respect to the employer could be impeded if a stay were extended to the supervisor. *Id*. The same reasoning in *Snell* is controlling to the case at bar.

The Owners have alleged that the City of Gainesville, Wilson-Britt, and Tate have wrongfully acted in concert with Daling and O'Sullivan to tortiously interfere

---

issue when all issues were relevant to the summary judgment motion. Such a holding is completely unrelated to the present motion. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) held that the court should have ruled on the defendant's motion to dismiss the fraud claim prior to ruling on a motion to compel discovery when the discovery was extremely vague and overbroad and the fraud claim greatly expanded the scope of discovery. *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1368 (11th Cir. 1997). Here, even if The City won part or all of their motion to dismiss (which is highly unlikely), this would not narrow the scope of discovery. All of the claims against Daling and O'Sullivan are not subject to the motion to dismiss and it is clear from the Complaint that the City has highly relevant documents and information regarding these claims.

with the Owners' contracts and business relations while trampling on their constitutional rights. Because the claims against the City are "closely intertwined" with the claims against Daling and O'Sullivan, there is "no compelling reason to believe that a stay as to [the City] would significantly narrow the scope and expense of discovery." *See id.*

Further, when the motion to dismiss as to the City is denied, "a second discovery period as to [the City] would be required, delaying the proceedings with the potential for added costs and duplication of effort." *See id*. Meanwhile, the City has "not pointed with particularity to any material cost or burden that [the City of Gainesville, Wilson-Britt and Tate] would suffer if discovery as to [them] were to proceed on schedule." *Id.*

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants The City of Gainesville, Georgia, Sarah Wilson-Britt, and Matt Tate's Motion to Stay Discovery Pending the Court's Ruling on Defendants' Motion to Dismiss.

Respectfully submitted, this 23rd day of January, 2023.

                          PARKER POE ADAMS & BERNSTEIN, LLP

                          */s/ David L. Pardue*
                          David L. Pardue
                          Georgia Bar No.: 561217
                          davidpardue@parkerpoe.com
                          Brian David Stoltz
                          Georgia Bar No.: 648725
                          brianstoltz@parkerpoe.com
                          1075 Peachtree Street NE
                          Suite 1500
                          Atlanta, Georgia 30309
                          (678) 690-5726

                          *Counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing document has been prepared with one of the font and point selections approved by this Court in Local Rule 5.1(C).

This 23rd day of January, 2023.

*/s/ David L. Pardue*
David L. Pardue

-9-

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing upon counsel of record, via the Court's CM/ECF system, which will automatically send service to counsel of record.

This 23rd day of January, 2023.

                                                /s/ *David L. Pardue*
                                                David L. Pardue