IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FARRAH M. FARR, PHILLIP BROWN and KRISTOF & COMPANY, INC., Plaintiffs, v. KOMMERINA DALING, et al., Defendants. | CIVIL ACTION FILE NO. 2:22-cv-00133-SCJ |

**DEFENDANTS THE CITY OF GAINESVILLE, GEORGIA, SARAH WILSON-BRITT, AND MATT TATE'S INITIAL DISCLOSURES**

COME NOW, Defendants Sarah Wilson-Britt, Matt Tate, and the City of Gainesville, Georgia (collectively, "Defendants"), and pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26.1, and the Court's Order entered February 14, 2023 [Doc. 45], submit these Initial Disclosures. Defendants expressly reserve the right to amend and supplement these Initial Disclosures. Defendants show as follows:

**(1) If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended**

**summons and complaint reflecting the information furnished in this disclosure response.**

**RESPONSE TO DISCLOSURE NO. 1**:

Defendants are properly identified.

**(2) Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.**

**RESPONSE TO DISCLOSURE NO. 2**:

None.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.**

**RESPONSE TO DISCLOSURE NO. 3**:

Plaintiffs assert several state and federal law claims, for alleged constitutional violations stemming from the City's notice to Plaintiffs of lodging limitations under the City's Unified Land Development Code. Plaintiffs also assert claims for tortious interference with business and contractual relations, civil conspiracy, negligence, negligent misrepresentation, intentional misrepresentation, declaratory judgment,

substantive due process and procedural due process under the Fourteenth Amendment, request for permanent injunction, and punitive damages and attorneys' fees.

Plaintiffs' claims are barred by sovereign, official, and qualified immunity and also fail to state a *Monell* claim. Defendants contend that their conduct was lawful in all respects. Plaintiffs, through their counsel, initiated an administrative appeal of the City's notice of lodging limitations to the Planning and Appeals Board for the City. However, Plaintiffs withdrew that appeal and never received a formal decision from the Planning and Appeals Board. Plaintiffs therefore have not exhausted their administrative remedies and lack standing to pursue this action. On the merits, the City Defendants contend that Plaintiffs' claims for tortious interference with business and contractual relations, declaratory judgment, negligence, negligent misrepresentation, intentional misrepresentation, civil conspiracy, substantive due process and procedural due process under the Fourteenth Amendment, punitive damages, and attorneys' fees also fail as a matter of law.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contend are applicable to this action.**

**RESPONSE TO DISCLOSURE NO. 4**:

42 U.S.C. § 1983

U.S. Const. Amend. I

U.S. Const. Amend. XIV

Art. I, Sec. I, ¶ II of the 1983 Georgia Constitution

Art. I, Sec. I, ¶ IV of the 1983 Georgia Constitution

The City of Gainesville's Unified Land Development Code

Case law, including but not limited to: *City of Albany v. Stanford*, 347 Ga. App. 95, 815 S.E. 2d 322 (2018); *Albertson v. City of Jesup*, 312 Ga. App. 246, 248 (2011); *CSX Transp. v. City of Garden City*, 277 Ga. 248, 588 S.E. 2d 688 (2003); *Gatto v. City of Statesboro*, 353 Ga. App. 178, 834 S.E.2d 623 (2019); *Weaver v. City of Statesboro*, 288 Ga. App. 32 (2007).

*Common Cause/Ga. v. City of Atlanta*, 279 Ga. 480, 614 S.E.2d 761 (2005); *Cameron v. Lang*, 274 Ga. 122, 549 S.E.2d 341 (2001); *Marshall v. McIntosh Cty.*, 327 Ga. App. 416, 759 S.E.2d 269, 273 (2014); *Golden v. Vickery*, 285 Ga. App. 216, 645 S.E.2d 695 (2007); *Norris v. Emanuel Cnty.*, 254 Ga. App. 114, 561 S.E.2d 240 (2002).

*Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000); *Carr v. Tatangelo*, 338 F.3d 1259, 1266 (11th Cir. 2003); *Lee v. Ferraro*, 284 F.3d 1188, 1200 (11th Cir. 2002);

*Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003); *Rich v. Dollar*, 841 F. 2d 1558, 1564 (11th Cir. 1988); *Robinson v. Ash*, 805 Fed. Appx. 634, 637 (11th Cir. 2020); *Saucier v. Katz*, 533 U.S. 194 (2001); *Beshers v. Harrison*, 495 F.3d 1260 (11th Cir. 2007); *Youmans v. Gagnon*, 626 F.3d 557 (11th Cir. 2010); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Jenkins by Hall v. Talladega City Bd. Of Educ.*, 115 F.3d 821 (11th Cir. 1997) (*en banc*); *Festa v. Santa Rosa County, Fla.*, 413 Fed. App'x 182 (11th Cir. 2011); *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005); *Coffin v. Brandau*, 642 F.3d 999 (11th Cir. 2011).

*Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Howard v. City of Robertsdale*, 168 F. App'x 883 (11th Cir. 2006); *Smith v. DeKalb Cnty.*, 2012 WL 12948861.

*Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258 (11th Cir. 2003); *Kentner v. City of Sanibel*, 750 F.3d 1274, 1279 (11th Cir. 2014); *Sanders v. Henry County*, 484 Fed. Appx. 395 (11th Cir. 2012); *Barnes v. Zaccari*, 669 F.3d 1295 (11th Cir. 2012); *Goldrush II v. City of Marietta*, 267 Ga. 683 (1997); *Ingalls v. U.S. Space and Rocket Ctr.*, 679 Fed. App'x. 935 (11th Cir. 2017); *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000).

*Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017); *Camp Creek Hosp. Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396 (11th Cir.

1998); *Allstate Beer, Inc. v. Julius Wile Sons & Co.*, 479 F. Supp. 605 (N.D. Ga. 1979); *Schaeffer v. King*, 223 Ga. 468, 155 S.E.2d 815 (1967).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).**

**RESPONSE TO DISCLOSURE NO. 5**:

See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B).**

**RESPONSE TO DISCLOSURE NO. 6**:

Defendants have not made a determination regarding the use of experts at this time.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and**

**tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).**

**<u>RESPONSE TO DISCLOSURE NO. 7</u>**:

See Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).**

**<u>RESPONSE TO DISCLOSURE NO. 8</u>**:

Defendants are not claiming damages.

**(9) If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full**

**name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**<u>RESPONSE TO DISCLOSURE NO. 9</u>**:

None.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E).**

**<u>RESPONSE TO DISCLOSURE NO. 10</u>:**

Defendants have requested a copy of the responsive document and will supplement their response upon receipt of same.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted, this 28th day of February, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com
NICOLAS D. BOHORQUEZ
Georgia Bar No. 517380
nicolas.bohorquez@fmglaw.com
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

# ATTACHMENT "A"

## Defendants' Witness List

1. Matt Tate, City of Gainesville, 311 Henry Ward Way, Gainesville, GA 30501
2. Sarah Wilson-Britt, City of Gainesville, 311 Henry Ward Way, Gainesville, GA 30501
3. Abb Hayes, Esq., Hulsey, Oliver & Mahar, LLP 200 E E Butler Pkwy, Gainesville, GA 30501

## ATTACHMENT "B"

### Defendants' Expert List

Defendants have not made a determination regarding the use of experts at this time and reserve the right to supplement this disclosure.

**ATTACHMENT "C"**

**Materials Upon Which Defendants May Rely**

1. The City of Gainesville's Unified Land Development Code

2. Correspondence between Plaintiffs, Defendants, and City departments (various dates)

3. All records produced by Plaintiffs and Defendants O'Sullivan and Daling in discovery in this suit

4. All documents identified by Plaintiffs and Defendants O'Sullivan and Daling in their initial disclosures

5. Plaintiffs' and Defendants O'Sullivan and Daling's responses to discovery in this suit

6. Any document introduced as an exhibit to any deposition in this matter

7. Plaintiffs' purported "appeal" documents subsequently withdrawn

**ATTACHMENT "D"**

**Computation of any Category of Damages Claimed by Defendants**

Not applicable.

# ATTACHMENT "E"

## Insurance Agreement

A copy of what is understood to be the applicable insurance policy has been requested and will be made available to Plaintiff upon request for and receipt of same.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS THE CITY OF GAINESVILLE, GEORGIA, SARAH WILSON-BRITT, AND MATT TATE'S INITIAL DISCLOSURES** to the Clerk of Court using the CM/ECF *e-filing* system which will automatically send electronic mail notification of such filing to the following counsel of record:

David L. Pardue
Brian David Stoltz
PARKER POE ADAMS & BERNSTEIN, LLP
1075 Peachtree Street NE - Suite 1500
Atlanta, Georgia 30309
davidpardue@parkerpoe.com
brianstoltz@parkerpoe.com

*Attorneys for Plaintiff*

Adam Klein
FAIN MAJOR & BRENNAN
One Premier Plaza
5605 Glenridge Drive – Suite 900
Atlanta, GA 303642
aklein@fainmajor.co

*Attorneys for Defendants Kommerina Daling and John O'Sullivan*

This 28th day of February, 2023.

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com

*Attorneys for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)