IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| FARRAH M. FARR, PHILLIP BROWN, and KRISTOF & COMPANY, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | CIVIL ACTION NO. |
| KOMMERINA DALING, JOHN O'SULLIVAN, SARAH WILSON-BRITT, in her individual and official capacity, MATT TATE, in his individual and official capacity, and THE CITY OF GAINESVILLE, GEORGIA, | ) ) ) ) ) ) ) ) ) | 2:22-cv-00133-SCJ |
| Defendants. | | |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

    (a) Describe briefly the nature of this action.

    **Plaintiffs' Description of the Case**

    Plaintiffs Farrah Farr, Phillip Brown, and Kristoff & Co., Inc. contend that John O'Sullivan, was caught peering into Ms. Farr's window while she was undressed at 725 Mountain View. Following a request for him to refrain from trespassing on their property, plaintiffs contend this situation turned into a campaign of harassment and intimidation from Daling and O'Sullivan along with their friend Matt Tate and others in City of Gainesville Code Enforcement. This conduct included harassing third-party renters and sending a code enforcement letter to plaintiffs falsely accusing them of violating city ordinances, misrepresenting the city

ordinances, and improperly requiring them to remove their home from Airbnb, Vrbo, and other rental websites.

### The City Defendants' Description of the Case

This case arises from Plaintiffs' rental of real property within the City of Gainesville, Georgia (the "City"), and the City's notice and enforcement of lodging limitations under the City's Unified Land Development Code ("Code"). Plaintiffs bring this action, asserting several state and federal law claims, for alleged constitutional violations stemming from this conduct, and more specifically, the enforcement of the Code by Sarah Wilson-Britt ("Ms. Wilson-Britt") as a Code Enforcement Manager for the City and Matt Tate ("Mr. Tate") as the Deputy Director of Community & Economic Development for the City (The City, Ms. Wilson-Britt, and Mr. Tate are collectively, the "City Defendants"). The City Defendants contend that Plaintiffs' claims are barred by sovereign, official, and qualified immunity and also fail to state a *Monell* claim. Defendants contend that their conduct was lawful in all respects. Plaintiffs, through their counsel, initiated an administrative appeal of the City's notice of lodging limitations to the Planning and Appeals Board for the City. However, Plaintiffs withdrew that appeal and never received a formal decision from the Planning and Appeals Board. Plaintiffs therefore have not exhausted their administrative remedies and lack standing to pursue this action. On the merits, the City Defendants contend that Plaintiffs' claims for tortious interference with business and contractual relations, declaratory judgment, negligence, negligent misrepresentation, intentional misrepresentation, civil conspiracy, substantive due process and procedural due process under the Fourteenth Amendment, punitive damages, and attorneys' fees also fail as a matter of law.

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

### Plaintiffs' Summary of the Facts of the Case

Dr. Brown owns the property located at 725 Mountain View Circle, Gainesville, GA 30501 ("725 Mountain View") and Ms. Farr rents 725 Mountain View through Kristof & Co. to third parties on rental sites such as Airbnb and Vrbo. Prior to listing 725 Mountain View for rent, Matt Tate informed Ms. Farr that it was legal to rent property on rental websites in the City of Gainesville and that there were no restrictions on the length of the rental period. O'Sullivan and Daling own the

property next door and rent this property to third parties. On July 11, 2020, Ms. Farr went inside 725 Mountain View to take a shower and very shortly thereafter, the Ring Security Camera recorded O'Sullivan peering into her home and watching Ms. Farr. On July 16, 2020, Dr. Brown told O'Sullivan to never enter his property again. The next day, O'Sullivan emailed Matt Tate, the Community and Economic Development Deputy of Gainesville, Georgia. O'Sullivan has a pre-existing relationship with Tate dating back over a decade. In the email to Tate, O'Sullivan falsely represented that there was a "very big house advertised for weddings, music venues, and parties etc.; amplified music, noise, mid-day fireworks; etc."

In July, 2020, a family rented 725 Mountain View on AirBnb. On July 27th and July 28th, according to the family renting 725 Mountain View, Daling approached the children of the family renting 725 Mountain View on two separate occasions. Tate directed Wilson-Britt or another employee from City of Gainesville Code Enforcement to drive through Plaintiffs driveway multiple times while Tate was aware that Plaintiff had renters staying at 725 Mountain View. On several other occasions, Daling accosted third-party renters.

On July 23, 2021, Dr. Brown listed 725 Mountain View for sale. On September 20, 2021, Plaintiff received a verbal offer from a buyer (the "Buyer"). On September 23, 2021, Plaintiff and the Buyer executed a contract for the sale of 725 Mountain View for $2,700,000.00 cash offer. Defendants' were aware that Dr. Brown listed 725 Mountain View for sale and knew the property was under contract and knew to whom it was under contract. On October 15, 2021, Sarah Wilson-Britt, the City of Gainesville Code Enforcement Manager, sent a notice to Dr. Brown alleging that 725 Mountain View was being used for lodging services and threatening to issue a citation if the property was not removed from all rental websites such as VRBO and Airbnb. ("Code Enforcement Notice"). Plaintiffs contend the Code Enforcement Notice misrepresented the definition of Lodging Services. Because Dr. Brown was told he had to remove 725 Mountain View from rental websites, Plaintiffs were unable to rent the property and, as a result, Kristof & Co. lost rental income from the property. Prior to or after sending the October 15 Correspondence wrongfully threatening to issue a citation if 725 Mountain View was not removed from rental websites, neither Matt Tate, Sarah Wilson-Britt, or any other representative of the City of Gainesville ever contacted Ms. Farr or Dr. Brown to conduct any investigation or to discuss Daling and O'Sullivan's claims. On February 4, 2022, Rusty Ligon, the Director of Community and Economic Development for the City of Gainesville, provided Plaintiffs' counsel with a letter

3

confirming the City does not prohibit Plaintiffs from listing 725 Mountain View on rental websites such as VRBO and Airbnb for time periods longer than 15 days. By this time, however, the Buyer had invested elsewhere and was no longer interested in buying 725 Mountain View. In or around January-February, 2022, O'Sullivan and Daling went door-to-door in the neighborhood attempting to persuade neighbors to sign a petition to prevent Dr. Brown and Ms. Farr from lawfully renting 725 Mountain View and handed out an inflammatory flyer that implied that registered sex offenders could be renting 725 Mountain View. Defendants actions have damaged the Plaintiffs.

### The City Defendants' Summary of the Facts of the Case

Plaintiffs own property located at 725 Mountain View Circle, Gainesville, Georgia 30501 ("Property"). Mr. Tate serves as the Deputy Director of Community & Economic Development for the City. Ms. Wilson-Britt served as a Code Enforcement Manager for the City. Mr. Tate and Ms. Wilson-Britt have authority to enforce the provisions of the Code. The City Defendants received a grievance from Defendant John O'Sullivan, a resident of the City, that alleged Plaintiffs were using the Property for lodging services. The City investigated the claims of the grievance. The City concluded that Plaintiffs' rental of the Property violated the Code. On October 15, 2021, Ms. Wilson-Britt issued a notice to Plaintiffs regarding the City's lodging limitations (the "Notice"). On January 12, 2022, Plaintiffs initiated an administrative appeal of the Notice to the Planning and Appeals Board for the City. On February 3, 2022, the City's attorney, Abbott Hayes, confirmed via email that Plaintiffs could list and rent the Property for periods of more than fifteen (15) days. Plaintiffs subsequently withdrew their administrative appeal of the Notice. Plaintiffs initiated this action after their withdrawal of the administrative appeal of the Notice.

(c) The legal issues to be tried are as follows:

1. Whether Defendants Daling and O'Sullivan are liable for trespassing on 725 Mountain View
2. Whether Defendants Daling and O'Sullivan's are liable for nuisance
3. Whether Defendants are liable for tortiously interfering with Plaintiffs contractual and business relationships with third party renters

      4.      Whether Defendants are liable for tortiously interfering with the purchase agreement for 725 Mountain View
      5.      Whether O'Sullivan is liable for invasion of privacy – intrusion upon seclusion
      6.      Whether O'Sullivan is liable for false light invasion of privacy
      7.      Whether Tate, Wilson-Britt and City of Gainesville are liable for violating Plaintiffs' First Amendment rights
      8.      Whether Tate, Wilson-Britt and City of Gainesville are liable for violating Plaintiffs' property rights
      9.      Whether Tate, Wilson-Britt and City of Gainesville are liable for violating Plaintiffs' equal protection rights
      10.     Whether Defendants Daling, O' Sullivan, Tate and/or Wilson-Britt are liable for civil conspiracy Whether Tate and/or Wilson-Britt are liable for negligence
      11.     Whether Tate and/or Wilson-Britt are liable for intentional misrepresentation
      12.     Whether Tate and/or Wilson-Britt are liable for negligent misrepresentation
      13.     Whether Plaintiffs are entitled to declaratory judgment
      14.     Whether Plaintiffs' are entitled to a permanent injunction
      15.     The measure of damages for each of Plaintiffs' claims
      16.     Whether Plaintiffs are entitled to punitive damages
      17.     Whether Plaintiffs are entitled to attorney's fees

(d)    The cases listed below (include both style and action number) are:

      (1)     Pending Related Cases:

           **None known**.

      (2)     Previously Adjudicated Related Cases:

           **None known**.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

      \_\_\_\_\_(1)     Unusually large number of parties

5

    \_\_\_\_\_(2)    Unusually large number of claims or defenses

    \_\_\_\_\_(3)    Factual issues are exceptionally complex

    \_\_\_\_\_(4)    Greater than normal volume of evidence

    \_\_\_\_\_(5)    Extended discovery period is needed

    \_\_\_\_\_(6)    Problems locating or preserving evidence

    \_\_\_\_\_(7)    Pending parallel investigations or action by government

    \_\_\_\_\_(8)    Multiple use of experts

    \_\_\_\_\_(9)    Need for discovery outside United States boundaries

    \_\_\_\_ (10)    Existence of highly technical issues and proof

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiffs:    David L. Pardue

    Defendants Daling and O'Sullivan: Adam Klein

    Defendants City of Gainesville, Tate, and Wilson-Britt: Dana Maine

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

    \_\_\_\_\_ Yes        \_\_X\_\_ No.

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

6

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   **None known at this time.**

   (b) The following persons are improperly joined as parties:

   **None known at this time**.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   **None known at this time**.

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

   Plaintiffs will be filing a second amended complaint pursuant to the Court's February 14, 2023 order.

(b) Amendments to pleadings submitted LATER THAN NINETY (90) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing unless, other permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN NINETY (90) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c)     *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony: Daubert* motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties have no objection to initial disclosures. The parties will exchange initial disclosures by February 28, 2023 pursuant to the Court's February 14, 2023 *Order* [Doc. 45].

8

9.  **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**None known at this time**.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0) months discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category in contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

On January 11, 2023, the Court entered its *Order Granting Extension of Discovery* [Doc. 41], extending discovery through May 16, 2023. On January 25, 2023, this Court entered its *Order* [Doc. 44] staying the discovery period. On February 14, 2023, the Court entered its *Order* [Doc. 45] granting in part and denying in part, the City Defendants' motion to dismiss, staying discovery until such time that the City Defendants file their Answer.

The Parties propose that the four (4) months discovery period will begin to run on the date that the City Defendants file their Answer.

Please state below the subjects on which discovery may be needed.

The discovery topics include but are not limited to:

- The Code Enforcement Letter sent by Wilson-Britt

9

- Plaintiffs' administrative appeal of the Code Enforcement Letter sent by Wilson-Britt
- All conduct taken by defendants related to 725 Mountain View, Farrah Farr, Phillip Brown, and Kristof & Co.
- All code enforcement actions taken in relation to third-parties involving Airbnb, Vrbo, and other similar rental of property
- Daling and O'Sullivan's conduct towards third parties engaging in rental of property
- The potential buyer and purchase agreement of 725 Mountain View
- Any additional efforts by Plaintiffs to sell 725 Mountain View
- Plaintiffs' advertisements of 725 Mountain View on Airbnb, Vrbo, and other similar rental property sites
- Plaintiffs' rental of 725 Mountain View through Airbnb, Vrbo, and other similar rental property sites

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11.   Discovery Limitation:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**None known at this time.**

(b)   Is any party seeking discovery of electronically stored information?

   __X__ Yes         _____ No

If "yes,"

(1)   The parties have discussed the sources and scope of the product of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

For any productions involving electronically stored information, the parties will work together in ensuring production is complete and efficient. In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference.

(2) The parties have discussed the format for the production of electronically stored information (e.g. Tagged Image File (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

- **Format**. ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting , the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.
- **Native files**. The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.
- **Metadata fields**. The parties are only obligated to provide the following metadata for all ESI produced , to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time**.

13. **Settlement Potential:**

(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 29, 2022, and that they participated in settlement discussions as required by LR 16.1. Other persons who participated in the settlement discussions are listed according to party.

**Plaintiff: Counsel (signature):**

*/s/ Brian D. Stoltz*

**Defendants Kommerina Daling and John O'Sullivan: Counsel (signature):**

*/s/ Adam Klein*
*(signed with permission)*

**Defendants Matt Tate, Sarah Wilson-Britt, and City of Gainesville: Counsel (signature):**

*/s/ Nicolas D. Bohorquez*

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X ) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

(c) Counsel (__X__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

**None at this time.**

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 2022.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 28th day of February, 2023.

*/s/ David L. Pardue*
David L. Pardue
Georgia Bar No. 561217
Brian D. Stoltz
Georgia Bar. No. 648725

**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street, N.E.
Suite 1500
Atlanta, GA 30309
(678) 690-5750
davidpardue@parkerpoe.com
brianstoltz@parkerpoe.com

*Attorneys for Plaintiffs*

13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the discovery period shall begin as of the date of filing of Defendants the City of Gainesville, Georgia, Sarah Wilson-Britt, and Matt Tate's Answer and shall end four (4) months after such date, the deadline for exchanging initial disclosures shall be February 28, 2023, and the time limits for adding parties, amending the pleadings, filing motions, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this ____ day of _____, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the all attorneys of record.

This 28th day of February, 2023.

*/s/ David L. Pardue*
David L. Pardue
Georgia State Bar No. 561217