IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FARRAH M. FARR, PHILLIP BROWN and KRISTOF & COMPANY, INC., | |
|           Plaintiffs, | CIVIL ACTION FILE NO. 2:22-cv-00133-SCJ |
| v. | |
| KOMMERINA DALING, JOHN O'SULLIVAN, SARAH WILSON-BRITT, in her individual and official capacity, MATT TATE, in his individual and official capacity, and THE CITY OF GAINESVILLE, GEORGIA, | |
|           Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANTS SARAH WILSON-BRITT, MATT TATE, AND THE CITY OF GAINESVILLE, GEORGIA

COME NOW, Defendants Sarah Wilson-Britt, Matt Tate, both named in their individual and official capacities, and the City of Gainesville, Georgia ("City") (collectively, "Defendants"), and file this Memorandum of Law in Support of their Motion to Dismiss ("Motion") Plaintiffs Farrah M. Farr, Phillip Brown, and Kristof & Company, Inc.'s ("Kristof") (collectively, "Plaintiffs") *Second Amended*

1

*Complaint for Damages, Declaratory Relief and Permanent Injunctive Relief* (Doc. 49) ("Second Amended Complaint").

## I.   <u>INTRODUCTION</u>

This case arises from Plaintiffs' illegal rental of real property within the City, and the City's notice to Plaintiffs of lodging limitations under the City's Unified Land Development Code ("Code"). Plaintiffs bring this action, asserting several state and federal law claims, for alleged constitutional violations stemming from this conduct.

In its *Order* (the "Order") (Doc. 45) granting in part, and denying in part, Defendants' motion to dismiss the First Amended Complaint (Doc. 17), this Court ruled that the City enjoys sovereign immunity on Plaintiffs' state law claims for damages. Plaintiffs continue to assert state law damages claims against the City for civil conspiracy, punitive damages, and attorneys' under O.C.G.A. § 13-6-11. Those claims should be dismissed.

This Court also dismissed Plaintiffs' claims for negligence and negligent misrepresentation against Mr. Tate and Ms. Wilson-Britt. Plaintiffs reassert those claims here. Both claims are barred by official immunity and should also be dismissed. Mr. Tate and Ms. Wilson-Britt are similarly entitled to qualified immunity on Plaintiffs' federal claims. The Court previously dismissed Plaintiffs'

claim for injunctive relief because Plaintiffs have an adequate remedy at law through writ of certiorari.[1] Because Plaintiffs have an adequate remedy at law, Plaintiffs' claim for declaratory relief should also be dismissed. On their constitutional claims, Plaintiffs' allegations are fundamentally deficient and fail to state a *Monell* claim.

On the merits, Plaintiffs' claims for, declaratory judgment, intentional misrepresentation, violations of procedural due process, equal protection, and First Amendment rights also fail as a matter of law. Accordingly, the Court should dismiss the Second Amended Complaint for failure to set forth sufficient factual allegations to establish grounds for relief.

## II.    FACTUAL BACKGROUND

Plaintiffs own property located at 725 Mountain View Circle, Gainesville, Georgia 30501 ("Property"). (Doc. 41 at ¶ 12; Ex. E). Mr. Tate serves as the Deputy Director of Community & Economic Development for the City. (*Id.* at ¶ 29). Ms. Wilson-Britt served as a Code Enforcement Manager for the City. (*Id.* at ¶ 51). Mr. Tate and Ms. Wilson-Britt have authority to enforce the provisions of the Code, which precludes lodging services provided to the public in the City's R-1 zoning districts for periods of less than fifteen (15) days. (*Id.* at Ex. E).

---

[1] The Second Amended Complaint no longer contains a count for injunctive relief against Defendants, but Plaintiffs have included a prayer for relief on this count in the *ad damnum* paragraph. It is unclear whether this is a clerical error by Plaintiffs.

On July 17, 2020, Mr. Tate received correspondence from a citizen, Mr. O'Sullivan, who expressed a belief that Plaintiffs were renting the Property in violation of the Code ("Grievance"). (*Id.* at Ex. A). In the Grievance, Mr. O'Sullivan alleged, "[t]he issue newly here is: short term rentals in a very big house advertised for weddings, music venues, and parties etc." (*Id.* at Ex. A).

In response to the Grievance, Mr. Tate stated, in part:

> In general, an Airbnb is considered a lodging service which would include other short term rentals such as hotels, motels and such. These uses are currently not permitted within a residential zoning district or as a Home Occupation. I can have code enforcement investigate the matter if you have a specific address.

(Doc. 49 at Ex. A).

Mr. O'Sullivan replied, "Thanks for this below. So, yes. Please do now ask for investigation." (*Id.* at Ex. A). The City investigated the claims of the Grievance. (*Id.* ¶ 36). On October 15, 2021, Ms. Wilson-Britt, in her capacity as Code Enforcement Manager, issued a notice to Mr. Brown ("Notice") which provided:

> It has been brought to my attention that you are using the [Property] for lodging services. "Lodging services" is defined in Table 9-6-1 of the [Code] as a facility that offers shelter accommodations to the public for 15 days or less for a fee. The Property is zoned as R-1, and lodging services is not allowed in an R-1 zoning district.

(*Id.* at Ex. E).

4

The Notice further required Mr. Brown cease "any lodging services on the Property…and the removal of the Property from all rental websites such as VRBO and Airbnb." (*Id.* at Ex. E). In other words, the Notice required Plaintiffs to cease any rentals shorter than fifteen (15) days. It did not otherwise preclude Plaintiffs from renting the Property for fifteen (15) days or longer.

On January 12, 2022, Plaintiffs, through their counsel, initiated an administrative appeal of the Notice to the Planning and Appeals Board for the City pursuant to Sec. 9-11-7-3 of the Code ("Appeal"). (Doc. 49 at ¶ 70). On February 4, 2022, prior to a hearing or decision on the Appeal, Plaintiffs withdrew the Appeal via email ("Withdrawal").[2] (Ex. 1). Plaintiffs withdrew the Appeal because on February 3, 2022, the City's attorney, Abbott Hayes, confirmed via email that Plaintiffs could list and rent the Property for periods of <u>more</u> than fifteen (15) days. (*Id.*). In their Withdrawal, Plaintiffs requested such confirmation on the City's letterhead. (*Id.*). On the same day, the Director of Community and Economic

---

[2] True and correct copies of the correspondence referenced at ¶ 70 of the Second Amended Complaint are attached hereto as **<u>Exhibit 1</u>**. *See*, *S. River Watershed All., Inc. v. DeKalb Cnty.*, Georgia, 484 F. Supp. 3d 1353, 1365 (N.D. Ga. 2020) ("Our Rule 12(b)(6) decisions have adopted the 'incorporation by reference' doctrine...under which a document Attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.").

Development, Rusty Ligon, provided Plaintiffs' counsel with the requested confirmation. (Amend. Compl. at Ex. G).

Plaintiffs subsequently initiated this action alleging that Defendants' actions, among other claims, violated Plaintiffs' constitutional rights and tortiously interfered with a purported contract to sell the Property and rental agreements with potential renters. (*Id.*). Plaintiffs' claims against Defendants simply are without merit.

## III.    ARGUMENT AND CITATION TO AUTHORITY

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of an amended complaint for "failure to state a claim upon which relief can be granted." *Id.*  In ruling on a pending motion to dismiss, all of the factual allegations in an amended complaint must be accepted as true and construed in the light most favorable to plaintiff. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1037 (11th Cir. 2008) (citations omitted). Although the Court must accept as true all of the factual allegations in the Second Amended Complaint, the Court is not required to accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted).

> [An] Amended Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

> plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*.  (citations and internal quotation marks omitted).

The motion to dismiss standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly.,* 550 U.S. at 555.  But "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). For the reasons below, Plaintiffs' claims fail to satisfy this standard and are subject to dismissal.

**B.**     **Plaintiffs' State Law Claims Against the City Are Barred by the Doctrine of Sovereign Immunity**

Through its Order (Doc. 45), the Court observed that "Plaintiffs do not dispute that the City of Gainesville is entitled to sovereign immunity." (Doc. 45, p. 16). The court concluded that "the City of Gainesville enjoys sovereign immunity" in this action, and as a result, "Plaintiffs' state law claims for damages against the City of Gainesville are dismissed." (Doc. 45, pp. 16-17).

Despite this unambiguous ruling, the Second Amended Complaint continues to assert state law claims for damages. Count X of the Second Amended Complaint asserts claims for damages against all Defendants, including the City, for civil conspiracy under Georgia law. Count XVI of the Second Amended Complaint asserts a claim for punitive damages against all Defendants, including the City, under O.C.G.A. § 51-12-5.1. Count XVII of the Second Amended Complaint asserts a claim for attorneys' fees against all Defendants, including the City, under O.C.G.A. § 13-6-11. Each of the aforementioned represent claims for damages arising under state law. This Court has already concluded that the City is entitled to sovereign immunity on these claims. Accordingly, Counts X, XVI, and XVII should be dismissed as to the City.

**C.** **Underline State Law Claims Against City Employees on Plaintiffs' Negligence and Negligent Misrepresentation Claims Are Barred by Official Immunity**

Again, this Court has already determined that Mr. Tate and Ms. Wilson-Britt are entitled to official immunity on Plaintiffs' negligence claims. (Doc. 45, p. 19). Plaintiffs reallege the same claims in the Second Amended Complaint, and they should be dismissed.

The doctrine of official immunity is enshrined in the Georgia Constitution. 1983 Ga. Const. Art. I, § II, ¶ IX (d) and applies the concept of the City's sovereign to individual City employees. *See Common Cause/Ga. v. City of Atlanta*, 279 Ga.

8

480, 481-82, 614 S.E.2d 761 (2005). Whether a defendant is entitled to official immunity is a "question of law" that the Court must decide as a "threshold issue." *Cameron v. Lang*, 274 Ga. 122, 124, 549 S.E.2d 341, 345 (2001).

Under the doctrine, a local government employee "can be held liable for the negligent performance of ministerial acts within the scope of their authority, but not for discretionary acts unless committed with actual malice." *Marshall v. McIntosh Cty.*, 327 Ga. App. 416, 420, 759 S.E.2d 269, 273 (2014); *Golden v. Vickery*, 285 Ga. App. 216, 217, 645 S.E.2d 695, 696 (2007). Moreover, the Georgia Constitution further provides:

> Except as provided in this subparagraph, officers and employees of the state or its departments and agencies **shall not be subject to suit or liability**, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived.

1983 Ga. Const. Art. I, § II, ¶ IX (d) (emphasis added).

"A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." *Common Cause/Georgia v. Cty. of Atlanta*, 279 Ga. 480, 482, 614 S.E.2d 761, 764 (2005). "A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically

directed." *Id.* "Where a decision is left to the personal judgment of government officials, such decisions are properly characterized as discretionary." *Norris v. Emanuel Cnty.*, 254 Ga. App. 114, 118, 561 S.E.2d 240, 244 (2002).

Here, the Court previously concluded that Mr. Tate and Ms. Wilson-Britt are entitled to official immunity on Plaintiffs' negligence claims because "investigating code violations and interpreting code provisions are discretionary functions because they require 'deliberation and judgment,' examination of facts, and reaching conclusions." (Order, p. 19) (citing, *Roper v. Greenway*; 294 Ga. 112, 116 (2013). Plaintiffs re-allege the Code's requirement that code officers record "record a complaint and perform an investigation follow receipt of a complaint…created a ministerial duty to record the complaint and to investigate." (Doc. 49, ¶ 155). Plaintiffs allege "Wilson-Britt and Tate breached their ministerial duty by failing to accurately state the definition of lodging services under the ULDC in the Code Enforcement Letter." (Doc. 49, ¶ 162). Plaintiffs further allege "Wilson-Britt and Tate breached their ministerial duty by negligently misrepresenting the definition of lodging services under the ULDC in the Code Enforcement Letter." (Doc. 49, ¶ 175). Plaintiffs therefore conclude that Mr. Tate and Ms. Wilson-Britt are liable for negligence and negligent misrepresentation. These revised allegations in the Second Amended Complaint remain subject to dismissal.

This Court already correctly concluded that "investigating code violations ***and interpreting code provisions*** are discretionary functions because they require 'deliberation and judgment,' examination of facts, and reaching conclusions." (Order, p. 19) (citing, *Roper* at 116) (emphasis added). Mr. Tate and Ms. Wilson-Britt's interpretation of the Code is precisely the act Plaintiffs allege they negligently performed. Because this Court has already determined that such action is discretionary in nature, Mr. Tate and Ms. Wilson-Britt are entitled to official immunity. This is true, even if the Court accepts Plaintiffs' allegations of misinterpretation of the Code by Mr. Tate and Wilson-Britt:

> (W)here an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision.

*Morton v. McCoy*, 204 Ga. App. 595, 596 (1992) (citing *Hennessy v. Webb*, 245 Ga. 329, 330–31 (1980) (overruled on other grounds)). Accordingly, the Court should dismiss Plaintiffs' claims for negligence and negligent misrepresentation against Mr. Tate and Ms. Wilson-Britt based on their entitlement to official immunity.

11

**D.**     **The Individual Defendants Are Entitled to Qualified Immunity as to the Federal Claims**

Mr. Tate and Ms. Wilson-Britt also are entitled to dismissal of the federal claims based on qualified immunity. Qualified immunity protects from civil liability government officials who perform discretionary functions if the conduct of the officials does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Nolin v. Isbell*, 207 F.3d 1253, 1255 (11th Cir. 2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As a result, the qualified immunity defense protects from suit "all but the plainly incompetent or those who knowingly violate the law." *Carr v. Tatangelo*, 338 F.3d 1259, 1266 (11th Cir. 2003).

Because government officials are not required to err on the side of caution, qualified immunity is appropriate in close cases where a reasonable official could have believed that his actions were lawful. *Lee v. Ferraro*, 284 F.3d 1188, 1200 (11th Cir. 2002) (quoting *Marsh v. Butler County Ala.,* 268 F.3d 1014, 1031 n.8 (11th Cir. 2001)). As qualified immunity is an entitlement not to stand trial or face the other burdens of litigation, a district court should "grant the defense of qualified immunity at the motion to dismiss stage if the Second Amended Complaint 'fails to allege the violation of a clearly established constitutional right.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003).

To be entitled to qualified immunity, an official must first establish that his conduct was within the scope of his discretionary authority.  *Lee* 284 F.3d at 1194. For purposes of qualified immunity, a defendant is acting in his/her discretionary authority when "his actions were undertaken pursuant to the performance of his duties and within the scope of his authority."  *Rich v. Dollar*, 841 F. 2d 1558, 1564 (11th Cir. 1988) (internal quotes omitted); *see also Robinson v. Ash,* 805 Fed. Appx. 634, 637 (11th Cir. 2020). Here, this Court has already concluded that Mr. Tate and Ms. Wilson-Britt's interpretation, application, and enforcement of the City's ordinance is anything other than within of these employees' discretionary authority. (Order, p. 19) (citing, *Roper* at 116).

Therefore, the burden shifts to Plaintiffs to demonstrate qualified immunity is not appropriate using the two-prong test established by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The first inquiry is whether the facts alleged show that Defendants' conduct violated a constitutional right.  *Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th Cir. 2007). If the Court finds that a violation of a constitutional right has been alleged, the next question is whether the right was clearly established at the time of the violation.  *Lee*, 284 F.3d at 1194; *Youmans v. Gagnon*, 626 F.3d 557, 562 (11th Cir. 2010). The Court should undertake this second

inquiry in light of the specific context of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 201.

Here, Plaintiffs cannot satisfy either prong under *Saucier*. 533 U.S. 194. First, Plaintiffs assert three (3) § 1983 claims against the City Defendants for alleged violations of: (1) the Fourteenth Amendment; (2) First Amendment; and, (3) Procedural Due Process.[3] (Doc. 4, ¶¶ 120 – 145). As demonstrated, *inter alia*, Defendants' actions to investigate the claims of Mr. O'Sullivan and issue the Notice did not violate a constitutional right, particularly as there was no property right to engage in the rental of the Property. In fact, Plaintiffs cannot demonstrate Defendants' actions violated any law or principle, much less a constitutional right.

Second, even if Plaintiffs could show a constitutional violation, Plaintiffs must cite to cases that demonstrate Defendants' conduct violated a clearly established constitutional right, such that they would understand that their conduct violated that right. Absent this showing, Defendants are entitled to qualified immunity. *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S. Ct. 2508 (2002). In the Eleventh Circuit, the law can be "clearly established" for qualified immunity purposes **only** by decisions of the United States Supreme Court, the Eleventh Circuit

---

[3] Despite alleging these counts under separate headings, Plaintiffs refer to each heading as Count VIII. (Doc. 49, pp. 35, 37, 39). For the sake of clarity, Defendants will refer to Plaintiffs' 1983 claims collectively as Count VIII.

Court of Appeals, or the highest court of the state where the case arose. *Jenkins by Hall v. Talladega City Bd. Of Educ.,* 115 F.3d 821, 826 n.4 (11th Cir. 1997) (*en banc*).

In other words, general principles of law are not specific enough to provide fair warning to a government defendant that his conduct was unlawful. *Mercado v. City of Orlando,* 407 F.3d 1152, 1159 (11th Cir. 2005). Thus, if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Coffin v. Brandau*, 642 F.3d 999, 1015 (11th Cir. 2011) (citations and punctuation omitted).

Here, in response to Defendants' two (2) preceding motions to dismiss, Plaintiffs could not, and similarly cannot in response to this motion, cite to any case law that would have put Defendants on notice of a constitutional violation under these circumstances. Plaintiffs simply cannot satisfy their burden to show that qualified immunity does not bar their federal claims against Mr. Tate and Ms. Wilson-Britt. Accordingly, the Court should dismiss all federal claims against them.

### E.  Plaintiffs' Claims Pursuant to 42 U.S.C. § 1983 Fail as a Matter of Law

In addition to being barred by qualified immunity, Plaintiffs' 1983 claims at Count VIII of the Second Amended Complaint fail as a matter of law and should be dismissed.

## 1.  Plaintiffs' Procedural Due Process Claim Fails

### a)  No Protected Property Interest

In the context of procedural due process, courts determine whether a protected property right exists by examining whether the individual claiming the right has "a legitimate claim of entitlement" to a government benefit or action, which claim must "come from an independent source" such as a statute, regulation, "express or implied contract, . . . or a mutually explicit understanding." *See*, *Barnes v. Zaccari,* 669 F.3d 1295, 1303 (11th Cir. 2012). "The hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Barnes*, 669 F.3d at 1304 (quoting, *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)). Plaintiffs bear the burden of pleading sufficient facts to establish the definiteness of the alleged right. *Greenbriar*, 345 F.3d at 1265 ("no procedural due process claim exists until a sufficiently certain property right under state law is first shown.").

Here, Plaintiffs have no "legitimate claim of entitlement" to their desire to engage in the rental of the Property for less than 15 days. *See*, *Goldrush II v. City of Marietta*, 267 Ga. 683, 695 (1997) (to have property interest in Georgia, one "must have more than *abstract need or desire for benefit*" and "more than unilateral expectation of it," but "must instead have legitimate claim of entitlement to it.").

Because there is no federally protected interest at stake, Plaintiffs' procedural due process claim fails without even analyzing whether Plaintiffs had the notice and opportunity to be heard.

### b) Georgia law provides an adequate remedy

For nearly a quarter century, the law of the Eleventh Circuit has been that "the presence of a satisfactory state remedy mandates that [courts] find that no procedural due process violation occurred." *Ingalls v. U.S. Space and Rocket Ctr.*, 679 Fed. Appx. 935, 943-44 (11th Cir. 2017) (citing *McKinney v. Pate*, 20 F.3d 1550, 1564 (11th Cir. 1994)).  The Eleventh Circuit holds that if either the local government or the state provides an adequate procedural remedy, no procedural due process violation can be alleged.  *See*, *Ingalls*, 679 Fed. Appx. at 943-44.  Moreover, no procedural due process violation exists where the state provided an opportunity to obtain an adequate remedy even if that remedy does not provide all the relief provided under 42 U.S.C. § 1983.  *McKinney*, 20 F.3d at 1564.  Even the failure of a plaintiff to take advantage of the procedural remedy provided by the state does not give rise to a claim of lack of procedural due process.  *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000).

Here, following correspondence from the City, Plaintiffs abandoned their pursuit of the remedy provided by state law. (Doc. 49-7). Indeed, Plaintiffs initiated

an appeal to The City never rendered a decision on Plaintiffs' appeal because of Plaintiffs' withdrawal. (Doc. 49, p. 23). Had the City rendered an unfavorable decision, Plaintiffs could have appealed to this Court through the certiorari process. *See*, O.C.G.A. § 5-4-1. This Court agreed with Defendants when it concluded "Plaintiffs have an adequate remedy at law in the form of a writ of certiorari in State court." (Doc. 45, p. 36). Plaintiffs' failure to avail themselves to this procedural remedy does not change the fact that such a remedy exists. Therefore, Plaintiffs' procedural due process claims are barred, and this Court should dismiss Plaintiffs' § 1983 claims for purported violations of procedural due process.

### 2. Plaintiffs' Claims for Violations of the First Amendment and Fourteenth Amendment Fail

Plaintiffs' remaining § 1983 claims for purported violations of their First Amendment and Fourteenth Amendment rights must also be dismissed. Indeed, Plaintiffs cannot cite to any case law supporting the claims. It is true that "[i]f there is no case law directly on point, '[g]eneral statements of the law contained within the Constitution, statute, or caselaw may sometimes provide 'fair warning' of unlawful conduct.'" *Mercado,* 407 F.3d at 1159 (quoting, *Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003)). However, "[t]he general principle of law must be specific enough to give the officers notice of the clearly established right. *Id.* For example, "the principle that officers may not use excessive force to

apprehend a suspect is too broad a concept to give officers notice of unacceptable conduct." *Id*. at 1159.

Here, Plaintiffs have asserted § 1983 claims since the outset of this litigation. (Doc. 1, ¶¶ 105-108; Doc. 21, ¶¶ 124-137). Plaintiffs have been unable to identify a single case specific enough to put Defendants on notice that their advertisement of the Property as a short-term rental amounts to a protected First Amendment right, or that their alleged selective enforcement of the Code's short-term rental restrictions amounts to an intentional infringement of Plaintiffs' rights. Plaintiffs' Second Amended Complaint has similarly not identified any such case law, and Plaintiffs' claims for violations of their First Amendment and Fourteenth Amendment rights must therefore be dismissed.

### F. **Plaintiffs' Claims for a Permanent Injunction and Declaratory Relief Fail as a Matter of Law**

As a threshold matter, this Court previously dismissed "Plaintiffs' request for injunctive relief regarding renting the Property is inappropriate because Plaintiffs have an adequate remedy at law." (Doc. 45, p. 37). While the Second Amended Complaint no longer contains a count against Defendants for injunctive relief, subsection (d) of the *ad damnum* paragraph that immediate follows Paragraph 189 of the Second Amended Complaint beginning, "WHEREFORE," requests injunctive relief against Defendants. (Doc. 49). This request is inconsistent with the Court's

prior Order. To the extent Plaintiffs continue to seek a permanent injunction against Defendants, such request should be dismissed.

Plaintiff has also reasserted its claim for declaratory judgment at Count XIV. (Doc. 49, p. 50). Because of this Court's prior ruling that Plaintiffs have an adequate remedy at law, their claim for declaratory relief also fails. (Doc. 45, p. 37). *See Soerries v. City of Columbus,* 222 Ga. App. 745, 746 (1996) (affirming dismissal of declaratory judgment claim and other claims because "[t]he exclusive mechanism by which Soerries could challenge the Council's revocation of his liquor license was by filing a petition for certiorari.") and *Wooten v. City of Atlanta,* 149 Ga. App. 568, 569-70 (1979) (affirming dismissal of declaratory judgment claims because "[a] complaint for declaratory judgment is not an available remedy" and "[s]ince appellants have had their day in court, their remedy was to have corrected by certiorari any alleged error in their [proceedings below]."). As stated hereinabove, Plaintiffs' failure to avail themselves to this procedural remedy does not preclude dismissal. *Cotton* at 1331.

Plaintiffs are seemingly aware that certiorari is the proper recourse because prior to filing this action, Plaintiffs began the appeals process set forth by the Code. (Doc. 49, ¶ 70). However, Plaintiffs chose to abandon that appellate mechanism and instead filed this action. Had Plaintiffs proceeded with their administrative appeal,

their sole remedy would have been through petition for writ of certiorari. *Soerries* at 746. Because writ of certiorari provides Plaintiffs with an adequate state remedy, they are precluded from maintaining their declaratory judgment claim against Defendants in this action. Accordingly, Count XIV of the Second Amended Complaint should be dismissed.

### G. Plaintiff's Claim for Intentional Misrepresentation Fails

As this Court noted in its Order, intentional misrepresentation is not a claim under Georgia law. (Doc. 45, p. 24, n. 3). The Court allowed Plaintiffs' claim to proceed as a fraudulent misrepresentation claim. (Doc. 45). Plaintiffs continue to assert a non-existent claim for intentional misrepresentation despite notice from this Court that it is not a cognizable claim. It should be dismissed on that basis alone. However, Plaintiffs have also failed to satisfy the pleading standard for asserting a claim for fraudulent misrepresentation. Where a "claim is grounded in fraud…the complaint must comply with Fed.R.Civ.P. 9(b)'s requirement that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" More specifically, in pleading a claim for fraudulent misrepresentation, a plaintiff must state "with particularity" "how [they] acted in reliance" on the purported misrepresentation. *Hearn v. Int'l Bus. Machines*, 588 F. App'x 954, 957 (11th Cir. 2014).

Here, Plaintiffs baldly assert that they "justifiably relied on Defendants misrepresentation," without any allegation of "how [they] acted in reliance" on the purported misrepresentation. *Hearn* at 957. Accordingly, Plaintiffs' claim for intentional misrepresentation, though not a claim under Georgia law, is also insufficiently pled as a fraudulent misrepresentation and it should be dismissed.

**H.**   **Plaintiffs Have Failed to State a *Monell* Claim Against the City**

A local government may be held liable under § 1983 *only* when a constitutional violation was inflicted pursuant to the government's policy or custom.[4] *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). To establish their 1983 claims against the City, Plaintiffs must allege and prove that City policies existed which were the "moving force" behind the constitutional violations Plaintiffs allegedly suffered. *Id.* "A plaintiff . . . has two methods by which to establish a [city's] policy: identify either (1) an officially promulgated [city] policy or (2) an unofficial custom or practice of the [city] shown through the repeated acts of a final policymaker for the county." *Grech*, 335 F.3d at 1329.

To constitute even an informal custom or policy, such a practice must be "so permanent and well settled as to constitute a custom or usage with the force of law"

---

[4] Defendants do not concede that Plaintiffs have sufficiently alleged an underlying constitutional violation by any individual Defendant.

or indicate a tacit authorization of employee misconduct or a deliberate indifference towards it." *Howard v. City of Robertsdale*, 168 F. App'x 883, 890 (11th Cir. 2006).

Importantly, bald allegations "upon information and belief" that a constitutional violation was inflicted pursuant to the government's policy or custom are insufficient to satisfy the pleading standards of *Twombly*. *See*, *Twombly* at 570; *see also*, *Smith v. DeKalb Cnty.*, 2012 WL 12948861 (Where "Plaintiffs' Monell claim, [was] based solely on 'information and belief' that the DeKalb County Police department had a policy of use of excessive force, the District Court for the Northern District of Georgia found such claims "conclusory and not supported by sufficient specific factual allegations."). As equally important, a court "may not assume that final policymaking authority lies in some entity other than that in which state law places it." *McMillian v. Johnson*, 88 F.3d 1573, 1577, 1580 (11th Cir. 1996).

Here, the Second Amended Complaint alleges that "upon information and belief, Matt Tate and/or Sarah Wilson Britt possess final policy-making authority regarding code enforcement in the City of Gainesville." (Doc. 49, ¶¶ 132, 142). The Second Amended Complaint further alleges:

> Upon information and belief, the City of Gainesville, Tate, and/or Wilson-Britt had a policy and/or unofficial custom of misapplying Table 9-6-1 of the ULCD to residential zoning districts and/or misinterpreting the definition of "lodging services" to erroneously apply it to rental of entire residences.

(Doc. 49 at ¶ 143) (emphasis added). These bald allegations are simply insufficient to give rise to a *Monell* claim.

Moreover, Plaintiffs previously pointed to Section 9-24-1-3 of the Code as evidence that Defendants have "final policymaking authority." (Doc. 34, p. 26). Plaintiffs conveniently ignore that this section enumerates the powers of the director of planning and development at items (a) – (u), and that the word "policy" is absent from *any* of those enumerated powers. That language does not, in any way, state that the director of planning and development has final policymaking power.

Plaintiffs similarly do not allege *any* prior instance in which Defendants purportedly misapplied "Table 9-6-1 of the ULDC," let alone whether any purported prior "incidents involved comparable facts… as to those potentially posed in this case, or how these [purported prior] incidents alerted [Defendants] to inadequacies in…training and supervision to support a claim that [Defendants] effectively adopted a policy of deliberate indifference to the rights of persons with whom [Defendants] interacted." *Smith* at *15. Accordingly, "Plaintiffs have failed to state a plausible claim for relief against [Defendants] for the actions of its officers." *Id.*

**I.** **Plaintiffs Cannot Satisfy the Conditions for an Award of Punitive Damages or Attorneys' Fees**

The U.S. Supreme Court has made clear that "punitive damages are not available under § 1983 from a municipality." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Accordingly, Plaintiffs' claim for punitive damages against the City should be dismissed. Under state law, "'[a] prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim.' Similarly, punitive damages under OCGA § 51-12-5.1 cannot be awarded where no actual damages are awarded.'" *Morris v. Pugmire Lincoln Mercury, Inc.*, 283 Ga. App. 238, 241 (2007).

As detailed herein, Plaintiffs' claims must stand dismissed. Accordingly, Plaintiffs are not entitled to recover punitive damages of attorney's fees and expenses under Georgia law in this case. Plaintiffs also cannot prevail on any of their § 1983 claims, and are therefore not entitled to attorneys' fees under 42 U.S.C. § 1988.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs have failed to state a cause of action against Defendants and Plaintiffs' Second Amended Complaint against Defendants should be dismissed with prejudice.

Respectfully submitted,

This 21st day of March, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com
NICOLAS D. BOHORQUEZ
Georgia Bar No. 517380
nicolas.bohorquez@fmglaw.com
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

26

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing *MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANTS SARAH WILSON-BRITT, MATT TATE, AND THE CITY OF GAINESVILLE, GEORGIA* has been prepared in compliance with Local Rule 5.1(B) using Times New Roman 14-point font.

Respectfully submitted this 21st day of March, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com

*Attorney for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing *MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANTS SARAH WILSON-BRITT, MATT TATE, AND THE CITY OF GAINESVILLE, GEORGIA* to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants and by placing a copy of same in the U.S. mail for delivery to non-CM/ECF participants as follows:

David L. Pardue
Brian David Stoltz
PARKER POE ADAMS & BERNSTEIN, LLP
1075 Peachtree Street NE - Suite 1500
Atlanta, Georgia 30309
davidpardue@parkerpoe.com
brianstoltz@parkerpoe.com

*Attorneys for Plaintiff*

Adam Klein
FAIN MAJOR & BRENNAN
One Premier Plaza
5605 Glenridge Drive – Suite 900
Atlanta, GA  303642
aklein@fainmajor.co

*Attorneys for Defendants Kommerina Daling and John O'Sullivan*

This 21st day of March, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
DANA K. MAINE
Georgia Bar No. 466580
dmaine@fmglaw.com

28